In the Matter of the Estate of OTTO KIEKEBUSCH, Deceased.

Surrogate's Court, Erie County, January 27, 1925.

**Wills — construction — provision in will bequeathing $5,000 and household furnishings to testator's wife in lieu of dower claim — testator, at time of marriage, assigned insurance policy valued at $5,000 to wife — wife refused to surrender policy, though testator attempted to execute change in beneficiaries — judgment of Supreme Court awarding insurance moneys to widow, after suit, not res adjudicata as to construction of will — testator intended to restrict bequest to wife to $5,000 — widow not entitled to payment of legacy.**

Testator's widow is not entitled to the payment of a legacy of $5,000 bequeathed to her " together with all " testator's " household furnishings and equipment, including clothing and jewelry in lieu and stead of any and all dower or claim of dower," where it appears that upon the testator's marriage to the legatee, he assigned to her an insurance policy valued at $5,000; that subsequently the testator sought to effect a change of beneficiaries in the insurance policies from his wife to his executors, but was unsuccessful by reason of the wife's refusal to surrender the policies; that upon testator's death, the widow, in an action against the insurance company upon the policies, was awarded a judgment in the Supreme Court for $5,000; and that the will on its face clearly indicated the testator's intention to restrict his widow to the maximum amount of $5,000.

Moreover, the findings and judgment of the Supreme Court in the widow's action against the insurance company upon the policies is not *res adjudicata* as to the construction of testator's will.

PROCEEDING for accounting by executor involving construction of will.

*John F. Mueller* [*Elijah W. Holt* of counsel], for Ida Kiekebusch.

*Henry J. Weisenheimer* [*Adelbert Moot* of counsel], for the executor.

HART, S.:

The judicial settlement of the accounts of the executor of the last will of Otto Kiekebusch presents a problem of unique type dependent upon the construction of an apparently simple clause of the will.

"*Second.* I give, devise and bequeath unto my beloved wife Ida Kiekebusch, the sum of Five Thousand (5000.00) dollars, together with all my household furnishings and equipment, including clothing and jewelry, in lieu and stead of any and all dower or claim of dower or any interest which she may have or claim to have in my estate, and on condition that she accepts this bequest in full for every claim or demand against me or my estate, otherwise this bequest shall be void."

The testator was a man eighty-one years of age at the time of his death on November 7, 1920. His will was executed on September 22, 1920. Otto Kiekebusch was a well-known citizen of the community, father of a grown-up family by his first wife who predeceased him. He married his deceased brother's widow on December 1, 1915. There was an agreement entered into between the parties at the time of the second marriage that his wife was to receive $5,000; in consequence of which an insurance policy or policies aggregating this amount in the Masonic Life Association was assigned to Ida Kiekebusch.

The widow, Ida Kiekebusch, was the petitioner for probate of the will, which provided for the disposition of the remainder of his estate to his three children, naming one of them, Emil Kiekebusch, executor. Probate of the will was resisted by the executor and upon the return day of the citation a complete examination of witnesses concerning all of the facts and circumstances surrounding the execution of the instrument was had resulting in a decree of probate being entered and memorandum filed by this court.

Gottfried H. Wende, ex-senator, lawyer, subscribing witness, had been the intimate friend of the testator for over forty years. He had talked with the decedent at their frequent meetings relative to the drawing of a will, had made some data and preliminary draft of the proposed will. Mr. Wende was subsequently called to the house of the testator, an urgent demand on account of his illness, but he persuaded him to arise from his bed and call at his office rather than transact business in the home. Upon their meeting at the office a complete analysis of the testator's business affairs, the agreement and understanding with the wife were dis-

cussed whereby it manifestly appears that he intended to restrict the amount given by him to his wife either through insurance or by will to $5,000.

"All I want my wife to have is the five thousand dollars that we agreed she should have between us, and it was then that I explained to him that by making this will giving her the $5000.00 and the policy being payable to her would not be included in his will, that she then would get ten, and then he said: ' No I don't want that, and I don't think she will want any more.' He said ' That's not the way I want it, and I don't think my wife wants it; she is to understand that she gets $5000 and that is all she expects,' and he says ' She wants to get back to the Old Country to Germany and $5000 in American money means a young fortune in Germany and the sooner she can get that the better she will like it.' And the will was not drawn until after he had made the transfer or signed the paper there to make the policy payable to his estate.

" He always told me that she was to receive five thousand dollars out of his estate when he dies, and that is all, and to secure her and to make her satisfied she would get it he had made this policy payable to her and I explained to him that there was no such thing as his including her in his will and leave this policy going to her and simply that she would be satisfied with that. I said ' She will have her right of dower in your property, and if you got that understanding that she is to get $5000 and no more, then the only thing to do is to make your policy payable to your estate so it becomes a part of the property you can dispose of and then you can satisfy your mind and her claim by willing her $5000.' "

After this consultation the testator with his attorney visited the office of the Masonic Life Association on the twenty-second day of September and executed a change of beneficiaries in the two policies aggregating $5,000 from his wife, Ida Kiekebusch, to his executors or administrators in the presence of Senator Wende and two witnesses, employees of the office, who attested his signature.

Representatives of the company notified Mr. Kiekebusch and his counsel that the original policies must be returned to the office. They returned at once to the office of counsel and the will was executed on the same day.

The policy in question was not returned to the insurance company as required by its rules. He did visit the office of the company, however, on the nineteenth day of October with his son and presented an insurance policy envelope and said, " I would like to know who my beneficiary is? " and was informed that the policy

23

was not in the envelope. Some further conversation was had and the testator and his son then visited the surrogate's office, had a conversation with Hiram C. Marcus, the guardian clerk, and requested him to produce his will filed for safekeeping and asked if he thought the will was all right. Mr. Marcus said: " He was kind of feeble and I didn't want to go into details because I saw he was a little nervous."

Nothing further was done relative to the policy of insurance or the will; the testator left his wife and home and took up his residence with one of his children up to the time of his death on November 7, 1920.

On account of illness of the decedent there were but one or two meetings with Senator Wende preceding his death. At one of the meetings affairs were discussed wherein he ratified his action, and in response to the inquiry of counsel as to the surrender of his policy to the insurance company for change stated, " She has got the policy and won't give it up."

In the probate proceeding before me after submission the memorandum filed preceding the decree of probate recited as follows:

" The intention of the testator seems manifest from the evidence of Senator Wende, to carry out the agreement to pay the widow the agreed amount of $5,000 preferably by bequest under his will. An action in equity is now pending between the parties as to the beneficiary under the policy of insurance, the widow asserting a claim for the insurance moneys in addition to the provisions made for her in the will.

" The will was properly signed and executed but in the event the insurance moneys are not paid into the estate, I am of the opinion that the will does not express the intention of the testator.

" The statutory requirements having been complied with the will may be admitted to probate, reserving to the contesting parties the right of construction and other questions raised for future consideration and decree."

The widow, Ida Kiekebusch, was successful in her action against the insurance company in the Supreme Court, judgment awarded February 15, 1922, for $5,000, with costs.

I am confronted now with the widow's claim for the legacy of $5,000, and the multitude of judicial decisions and elaborate discussions by famous text-book writers on the construction of wills emphasizing the duty of courts to " Ascertain the intention of the testator from the words he used, and to ascertain and give effect to the legal consequences of that intention when ascertained."

There is no person in existence who was more cognizant of the wishes and desires of this testator than Senator Wende. The

testator's marital troubles, the change in his financial condition, his health, were all topics of intimate discussion. The consultation as to the proper disposition of his property under changed conditions resulted in the visit to the insurance office where he signed his change of beneficiary to his estate; the immediate preparation and execution of his will, which must be considered as one simultaneous act. Believing that he had transferred his policy into his estate the will follows in consequence of the explanation and advice of his lawyer.

The will on its face is plain, clear and free from ambiguity. The explanation and cause for the new will was for the definite specific purpose of restricting the widow to the maximum amount of $5,000 as explained in detail by counsel whose privilege is waived on account of his being a subscribing witness. With this explanation as to the intention of the testator, if probate had been deferred until the determination of title of the insurance policy I have little doubt but that probate would have been denied on account of the testator being misled as to the value and extent of his property.

The death certificate in the record reveals chronic interstitial hepatitis and artereosclerosis. This was no acute disease from which he was suffering. At the time he was having his will prepared and the contemplated transfer of the insurance was the final disposition of his wordly goods. He had arisen from his sick bed to visit his lawyer's office. It was three weeks later before he was able to go to the insurance office and offer what he supposed to be the policy as requested, but which in fact was the envelope which had contained the policy.

Is it possible to conceive that all this effort was made for the purpose of doubling the amount he agreed to pay his wife, or was it a frantic endeavor on the part of this decrepit old man to carry out the plan as expressed to his counsel? The endeavor to show a change of mind upon his second visit to the insurance office does not impress me. His immediate visit to the surrogate's office and the inspection of his will, " Nervous and feeble," as described, indicates a confused state of mind unable to orient.

The legal battle for the insurance moneys was decided upon the question of technical title of non-compliance with the by-laws of the company and from the findings and judgment is not *res adjudicata* as to the construction of the will.

The Surrogate's Court possesses certain limited equity powers all of which should be resorted to in this particular case that the intention of the testator may be carried out. The widow elected to prosecute her action against the insurance company, she forced the probate of the will which contains the phrase in clause 2

Appellate Term, First Department, December, 1924. [Vol. 124

containing the widow's legacy: " In lieu and stead of any and all dower or any interest she may have, or claim to have, in my estate and on condition that she accepts this bequest in full of every claim or demand against me or my estate, otherwise this bequest shall be void."

The widow also filed her duly verified claim against his estate upon a note of the testator which has since been withdrawn, possibly for strategic reasons.

In my opinion the application for the payment of the legacy to the widow should be denied.

Decree may be entered in accordance with foregoing memorandum.